**MITSUI & CO. (U.S.A.), INC., Plaintiff,**

v.

**PUERTO RICO WATER RESOURCES AUTHORITY, Defendant.**

**Civ. No. 76–1393 (PG).**

United States District Court, D. Puerto Rico.

March 7, 1983.

Fiddler, Gonzalez & Rodriguez, San Juan, P.R., Ronald A. Cohan, Pettit, Evers & Martin, Los Angeles, Cal., Rafael Rodriguez Lebron, Old San Juan, P.R., Kenneth Bowlin, Johnson, Johnson, et al., San Antonio, Tex., Debevoise & Plimpton, New York City, for plaintiff.

Luis A. Lugo, Jr., and Juan F. Doval, Doval, Muñoz, Acevedo, Otero & Trias, San Juan, P.R., for defendant.

Alberto Picó of Brown, Newsom & Cordova, San Juan, P.R., and Donald B. Lewis, Schnader, Harrison, Segal & Lewis, K. Robert Conrad, Hunt, Kerr, Bloom, Hitchner & Conrad, Philadelphia, Pa., for non-parties United Engineers & Constructors, George W. Golding, S.J. Pattison and R.W. Stewart.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Present before the Court is Mitsui & Co. (U.S.A.), Inc.'s (hereinafter referred to as Mitsui) Motion to Strike PREPAS' Jury Demand and memorandum in support thereof. Puerto Rico Water Resources Authority (hereinafter referred to as PREPA) filed a memorandum in opposition thereto. Mitsui filed a reply to PREPA's memorandum.

Mitsui requests the Court to adopt a legal theory expounded by the Third Circuit to the effect that a litigant's right to a rational disposition of their dispute must be deemed to override the right to a jury trial when the magnitude and complexity of a particular case exceed a jury's normal capacity for understanding and intelligent resolution of the issues, the so-called "complexity exception" to the Seventh Amendment.

■ Mitsui alleges that there seems to still exist a lingering doubt about whether the Seventh Amendment even applies with its full constitutional force to trials conducted in the Federal District Court in Puerto Rico.[1] That doubt stopped lingering in 1976 when the First Circuit Court of Appeals in *La Forest v. Las Fuentes Fluviales de Puerto Rico,* 536 F.2d 443, 446 (1 Cir., 1976) held that "civil plaintiffs in the Federal District Court of Puerto Rico are entitled under the Seventh Amendment to a trial by jury". Mitsui attempts to prolong the doubt by emphasizing the statement made by the leading commentators Wright and Miller in 13 Federal Practice and Procedure 140, that the Federal District Court for the District of Puerto Rico perhaps is a "legislative" court. But, Mitsui failed to complete the commentators' thought as to said statement. On page 141, Wright and Miller state: "The granting of tenure to these judges [territorial judges] during good behavior, as recently was done for

Puerto Rico, would bring to an end the dubiously conceived notion that courts of the United States can be other than 'constitutional' ".

■ Furthermore, the right of jury trial in civil cases is a fundamental and sacred right, whether guaranteed by the Constitution or provided by statute, which should be jealously guarded by the courts. *Jacob v. New York,* 315 U.S. 752, 62 S.Ct. 854, 86 L.Ed. 1166 (1942). A constitutional challenge to this fundamental right is still unsettled.[2]

■ However, even if we were to hold that there exists a "complexity exception" to the Seventh Amendment, the affidavit of Ronald A. Cohan in support of Mitsui's motion to strike PREPA's jury demand does not show sufficient compelling grounds to strike PREPA's jury demand.

WHEREFORE, in view of the above, the Court ORDERS that Mitsui's motion to

---

1. As stated in *Miranda v. U.S.,* 255 F.2d 9 (1 Cir.1958), the Congress' intent is on raising the status of the District Court in Puerto Rico from that of territorial court to that of district court of the United States established under the federal judicial code, revised Title 28. This intent can be inferred from the following: 1) 28 U.S.C. § 119, which creates Puerto Rico into one judicial district; 2) 28 U.S.C.A. § 134 and § 135, district judges in Puerto Rico serve for life subject to their continued "good behavior" and their salaries are immune from diminution by Congress. Unlike the Bankruptcy Judges in the case of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the salaries of the federal district judges in the District of Puerto Rico were raised the same as the salaries of the other federal judges pursuant to *U.S. v. Will,* 449 U.S. 200, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980); 3) the U.S. District Court for the District of Puerto Rico exercises only federal judicial power as defined by Article III, Section 2 of the Constitution (the Court of Claims and the Court of Customs and Patent Appeals, which exercise a very limited federal judicial power, were found to be Article III courts by the Supreme Court of the United States in *Glidden Company v. Zdanak,* 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962)); 4) 28 U.S.C. § 1332(d) includes Puerto Rico in the word "States" used in this Section; 5) in 1970 the special jurisdiction given to the District Court for the District of Puerto Rico was eliminated, 48 U.S.C. § 863; 6) the statutes of Puerto Rico are "State statute(s)" for purposes of the

Three-Judge Act, 28 U.S.C. § 2281. See *Calero Toledo v. Pearson Yatch Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); district judges in the District of Puerto Rico have sat in other courts as well as in the First Circuit Court of Appeals; 7) the United States District Court for the District of Puerto Rico has jurisdiction under 28 U.S.C. § 1343(3) to enforce the provisions of 42 U.S.C. § 1983. *Examining Board v. Flores de Otero,* 426 U.S. 572, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1976).

In conclusion, the United States District Court for the District of Puerto Rico can be regarded as a constitutional district court pursuant to Article III, Section 2 of the Constitution, undistinguishable in any respect from federal district courts in the States. *United States v. Ramos Colón,* 415 F.Supp. 459 (D.C.P.R. 1976).

2. Some district courts have adopted the complexity exception to the Seventh Amendment right to jury trial in civil cases, but others have not. The Third Circuit Court of Appeals in *In Re Japanese Electronic Products Antitrust Litigation,* 631 F.2d 1069 (3 Cir.1980) is the only circuit that has accepted the complexity exception to the Seventh Amendment. The Ninth Circuit in *In Re U.S. Financial Securities Litigation,* 609 F.2d 411 (9 Cir.1979), cert. denied sub. nom.; *Gant v. Union Bank,* 446 U.S. 929, 100 S.Ct. 1866, 64 L.Ed.2d 281 (1980) has explicitly rejected such an exception. There is no First Circuit Court of Appeals case on the matter.

**118**

strike PREPA's jury demand is hereby DE-NIED.

IT IS SO ORDERED.