**68**

UNITED STATES of America,
Plaintiff,

v.

Ricardo Amaro SANTIAGO, Defendant.

Case No. 10–333 (GAG).

United States District Court,
D. Puerto Rico.

Feb. 12, 2014.

———

Barak Cohen, Marquest J. Meeks, Peter M. Koski, Tracee J. Plowell, Eric L. Gibson, United States Department of Justice, Washington, DC, Jacqueline D. Novas–Debien, U.S. Attorney's Office, District of Puerto Rico, Hato Rey, PR, Myriam Y. Fernandez–Gonzalez, United States Attorneys Office, San Juan, PR, for Plaintiff.

Laura Maldonado–Rodriguez, Laura Maldonado Law Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

GUSTAVO A. GELPÍ, District Judge.

Defendant Ricardo Amaro Santiago ("Amaro"), challenges the jurisdiction of this court to sentence him, contending that the same is not a constitutional court under Article III of the United States Constitution. (*See* Docket No. 1029 at 6). Said motion is **DENIED.**

In 1966, President Lyndon Johnson signed Public Law 89–571, 80 Stat. 764, which transformed the territorial Article IV federal district court in Puerto Rico to a constitutional Article III one. The congressional intent for this monumental metamorphosis cannot be any clearer:

> *There does not appear any reason why the U.S. District Judges for the District of Puerto Rico should not be placed in a position of parity as to tenure with all other Federal Judges throughout our judicial system. Moreover, federal litigants in Puerto Rico should not be denied the benefit of judges made independent by life tenure from the pressures of those who might influence his chances of reappointment, which benefits the Constitution guarantees to the litigants in all other Federal Courts. These judges in Puerto Rico have and will have the exacting same heavy responsibilities as all other Federal district judges and, therefore, they should have the same independence, security, and retirement benefits to which all*

*other Federal district judges are entitled.*

*See* 1966 U.S.C.C.A.N. 2786–90.[1]

■ The Supreme Court subsequently recognized the Article III status of this court. "The reason given for this [law] was that the Federal District Court in Puerto Rico 'is in its jurisdiction, powers, and responsibilities the same as the U.S. district courts in the (several) states.'" *Examining Bd. of Engineers, Architects and Surveyors v. Flores de Otero*, 426 U.S. 572, 595, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1976); *Cf. Glidden Co. v. Zdanok*, 370 U.S. 530, 547–548, n. 19, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962) (citing *Balzac v. Porto Rico*, 258 U.S. 298, 42 S.Ct. 343, 66 L.Ed. 627 (1922)) (noting that "Article III has been viewed as inapplicable to courts created in unincorporated territories outside the mainland," yet holding that "[w]e do not now decide, of course, whether the same conditions still obtain in each of the present-day territories").

Other courts, as well as scholars, have also recognized the Article III status of the United States District Court for the District of Puerto Rico. *Igartua–De La Rosa v. United States*, 417 F.3d 145, 166 (1st Cir.2005) (en banc) (Torruella, J. dissenting), *cert. denied*, 547 U.S. 1035, 126 S.Ct. 1569, 164 L.Ed.2d 326 (2006) (noting that "Balzac's ruling has therefore ceased to be the law of the land. Puerto Rico is part of the First Circuit. An Article III District Court sits there, providing nearly one-third of the appeals filed before this court [of appeals]"); *Corporation of Presiding Bishop of Church of Jesus Christ of Latter–Day Saints v. Hodel*, 830 F.2d 374, 385 n. 63 (D.C.Cir.1987) ("Puerto Rico has an Article III district court, 28 U.S.C. § 119, appeals from which lie in the First Circuit. The other overseas jurisdictions have non-Article III territorial courts, from which appeals go to the various circuit courts of appeal"); *U.S. v. Montanez*, 371 F.2d 79, 83 (2nd Cir.1967) ("in 1966, Congress amended 28 U.S.C. § 134(a) to provide life tenure for judges of the court appointed thereafter"); *United States v. Puerto Rico*, 922 F.Supp.2d 185, 187 (D.P.R.2013) (noting that the federal court in Puerto Rico is an Article III one); *Consejo de Salud Playa de Ponce v. Rullan*, 586 F.Supp.2d 22, 36 (D.P.R.2008) (same); *U.S. v. Pollard*, 209 F.Supp.2d 525, 543–544 (D.Vi.2008) ("In 1966, Congress made the federal district court of Puerto Rico an Article III court whose judges serve during good behavior but left the District Court of the Virgin Islands as an Article IV court whose judges now serve ten-year terms.")[2]; *Mitsui & Co., Inc. v. Puerto Rico Water Resources Authority*, 558 F.Supp. 116, 117 n. 1 (D.P.R.1983) ("the United States District Court for the District of Puerto Rico can be regarded as a constitutional district court pursuant to Article III, Section 2 of the Constitution, undistinguishable in any respect from federal district courts in the States."); Christina Duffy Ponsa, *American Expansion and Territorial Deannexation*, 72 Univ. Chicago L.Rev. 797, 822 n. 107 (not-

---

1. Anyone from Puerto Rico would probably imagine that the request to transform the court from an Article IV to Article III one stemmed from political forces within and outside the Commonwealth. Interestingly, this is not so. Rather, it was the result of repeated petitions of the Judicial Conference of the United States. *See* Senate Report No. 1504, 1966 U.S.C.C.A.N. 2786–90.

2. At present, the federal district court of the United States Virgin Islands continues under this constitutional regime, where its judicial officers have not been conferred Article III status by the Congress. Likewise, federal judges in Guam and the Commonwealth of the Northern Mariana Islands are presently Article IV judges. American Samoa has no federal territorial court.

ing that "[c]ommon wisdom and scholarly consensus have it that Puerto Rico's federal district court became an "Article III" court eventually, after Congress eliminated the differences between that court and other federal district courts."); Juan R. Torruella, *The Insular Cases: The Establishment of a Regime of Political Apartheid*, 29 U. Pa. J. Int'l. L. 283, 346 (2007) (noting that the United States District Court for the District of Puerto Rico is an Article III court.)

Finally, the text of Article III itself does not forbid the congressional creation of federal Article III courts inferior to the Supreme Court in areas other than the States. An example other than Puerto Rico is the federal district court for the District of Columbia.[3] More so, Article III's language pertaining to the establishment of federal courts does not speak in terms of the states or "within the territories of the States." For example, the federal circuit courts of appeal are located in various states, however entertain appeals from district courts within their respective jurisdictions. The United States court of Appeals for the Federal Circuit is a national court and entertains appeals from all district courts. Nothing in the Constitution prevents congress from establishing Article III courts in its other non-state areas such as the United States Virgin Islands and Guam.

Accordingly, Amaro's motion at Docket No. 1029 is hereby **DENIED.**

**SO ORDERED.**

---

**3.** *See Glidden v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962); *O'Donoghue v. United States*, 289 U.S. 516, 53 S.Ct. 740, 744–745, 77 L.Ed. 1356 (1933); *United States v. Seals*, 130 F.3d 451, 460 (D.C.Cir. 1997).